UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:00CR263(JCH) |
| | : | |
| v. | : | |
| | : | |
| TERRENCE THOMPSON | : | SEPTEMBER 8, 2008 |

### GOVERNMENT'S SURREPLY RE: DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)

On September 8, 2008, the defendant filed a reply in support of his motion for a reduction of sentence under the new crack Guidelines. The government submits this brief surreply to respond to an additional argument raised by the defendant in that reply.

In his reply, the defendant argues that he should receive the benefit of a crack reduction because, at his original sentencing, his offense level was the same under both the former crack provisions set forth at U.S.S.G. § 2D1.1 and the career offender guidelines set forth at U.S.S.G. § 4B1.1. Thompson argues that under § 4B1.1, the career offender offense level may only be applied if it is "greater than the offense level otherwise applicable." *See* U.S.S.G. § 4B1.1(b). Because the career offender offense level was equal to, not greater than, the offense level under § 2D1.1, Thompson argues that he had to have been sentenced "based on" § 2D1.1 (which has now been lowered), and therefore, he should receive the benefit of a reduction.

Even if the court were to accept this argument, Thompson still does not qualify for a reduction because he remains a career offender and the career offender guidelines would be triggered even after any application of the new crack Guidelines. In other words, if one were to apply the new crack Guidelines, they have no impact on Thompson's sentence because (as the defendant has previously stipulated and conceded) Thompson was sentenced as, is, and remains, a career offender. *See, e.g.,* Plea Agreement ("The government and the defendant stipulate and

agree that the defendant is a career offender pursuant to U.S.S.G. § 4B1.1, on the basis of his criminal history."); PSR ¶ 77; *see also* Def's Memo dated August 14, 2008 at 7 ("Mr. Thompson did not dispute this initial calculation of his offense level and Criminal History Category. If he had been sentenced pursuant to this non-career offender offense level, Mr. Thompson's Guidelines range would have been 188-235 months.").

Even if the court were to apply the new crack Guidelines and lower Thompson's offense level to 32 (29 with acceptance) in a straight, underlying Guidelines analysis, the court would still need to go on to apply the career offender provisions set forth at U.S.S.G. § 4B1.1; an offense level of 34 under 4B1.1(b)(B) would apply; the career offender offense level of 34 would be "greater than the offense level otherwise applicable"; and Thompson's sentencing range would go back to level 34 (31 with acceptance), criminal history category VI. Simply put, Thompson does not qualify for a reduction because his sentencing range of 188-235 months does not change – even if one applies the new crack Guidelines – because he is a career offender.

Because the defendant remains subject to the career offender provisions, the November 1, 2007 amendments to the crack cocaine guidelines do not alter or affect his guideline range and accordingly, he is not eligible for a reduction in his sentence.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

/s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct19105
United States Attorney's Office
157 Church Street, 23d Floor
New Haven, CT 06510
(203) 821-3700
(203) 821-3829 (fax)
Stephen.Reynolds@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 8, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, including the defendant and his counsel identified below, as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    David J. Wenc
    Wenc Law Offices
    546 Halfway House Road
    P. O. Box 306
    Windsor Locks, Connecticut 06096
    (860) 623-1195
    (860) 292-6705 (fax)
    david.wenclaw@sbcglobal.net

    /s/
    STEPHEN B. REYNOLDS
    ASSISTANT UNITED STATES ATTORNEY