IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

V.

No. 3:00-CR-00263 (JCH)

TERRENCE THOMPSON

### TERRENCE THOMPSON'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. SEC. 3582 (c)

In its response to Mr. Thompson's motion for a reduction of his sentence, the government raises three points, each of which fails. Its first argument, that Mr. Thompson's sentence was not "based on" his pre-enhancement Guidelines calculation, is premised on an illusory firewall between the calculation of a defendant's underlying Guidelines range and his career offender range. The government's argument — that the Sentencing Commission has the sole authority to set a mandatory range of a sentence reduction under § 3582(c) — arises from a failure to distinguish between the creation of *authority* and the conferral of *discretion*.[1]

### A. Because Mr. Thompson's Bottom-of-the-Career Offender-Guidelines Sentence Was Based On his Underlying, U.S.S.G. § 2D1.1 Guideline, he is Entitled to a Reduction in his Sentence Pursuant to § 3582(c).

The government premises its argument that Mr. Thompson's sentence did not rest on the provision regarding crack cocaine in Section 2D 1.1 on a falsely compartmentalized conception of how the sentence for a defendant subject to the career offender guideline is created. In the government's view, the calculation of such a sentence starts with the pointless, *pro forma* exercise

---

[1] Mr. Thompson requests to be present at any hearing because the government will presumably argue there, as it does here, that his original sentence should remain unchanged based on the facts and circumstances that the government considers pertinent. However, if the government is intending to present evidence suggesting that the defendant is not entitled to the full benefit of the available reduction, then the Court might have reason to order the defendant's appearance in order that he or she could refute the government's evidence.

of calculating his § 2D1.1 Guidelines range, and then moves to the only meaningful step, the calculation of his career offender Guidelines range. ("[t]he defendant's guideline range was not driven by crack quantity, but rather by his status as a career offender.").

In addition to overlooking the fact that sentencing courts, as a matter of course, consider the difference between the original and enhanced sentencing ranges and offense levels when choosing a defendant's ultimate sentence, *see, e.g.,* U.S.S.G. § 4B1.1; *see generally* 18 U.S.C. § 3553(a), this argument ignores entirely the crucial facts of this case, in which the court actually did so.

Mr. Thompson's § 2D1.1 offense level and sentencing range were considerations in, and a basis for, the sentence imposed on him. At the initial sentencing, the Court applied USSG Section 4B1.1. The Court determined that Mr. Thompson meet the eligibility requirements of a career offender. However, the offense level for Mr. Thompson from the USSG Section 4B1.1 table was not greater than "the offense level otherwise applicable". Mr. Thompson's offense level from the Career Offender Table was "34", the same offense level found at USSG 2D1.1. As a result, Mr. Thompson had to be sentenced based upon the "offense level otherwise applicable", namely the offense level found in the Drug Quantity Table at USSG Section 2D1.1. After consideration of these arguments, and pursuant to its obligation under U.S.S.G. § 4B1.1, the district court sentenced Mr. Thompson at the bottom of the USSG Section 2D1.1 (Level 34) Guidelines range. Thus, Mr. Thompson's sentence was "based on" USSG Section 4B1.1 of the career offender guideline and the otherwise applicable Guidelines range under § 2D1.1, which has now been lowered. Under § 3582(c), Mr. Thompson is entitled to consideration of a sentence reduction. The government's argument that Mr. Thompson is not entitled to move for a reduction in his sentence merely because the Court determined his status as that of a career offender therefore must fail.

    **B.**    *Post-Booker***, the Sentencing Commission Triggers a District Court's Authority to Re-Sentence Pursuant to § 3582(c), but No Longer Limits the District Court's Discretion to Impose a Revised Sentence that Is Sufficient But Not Greater Than Necessary to Satisfy the Purposes Set Forth in Section 3553(a)(2).**

2

*1. The Court may reduce a sentence below any floor recommended by the
Sentencing Commission, where, as here, that reduction would best achieve the § 3553(a)
Goals of sentencing.*

As stated above, the government's claims that *Booker* has no impact at all [on] resentencing under Section 3582(c) (2), and that Mr. Thompson's motion therefore suffers from an irremediable paradox, arise from the government's failure to appreciate the difference between authority and discretion. Under the mandatory Sentencing Guidelines, the Sentencing Commission previously both conferred re-sentencing authority on district courts *and* set the bounds of re-sentencing. Now, because the Guidelines are advisory, the Commission can only confer authority. The limitations on discretion that it states in § 1 B 1.10 are purely advisory.

Section 3582(c) (2) itself illustrates this distinction between authority and discretion. Its language proceeds in stepwise fashion from the creation of authority to the bounds of discretion. First, the statute provides that the Sentencing Commission triggers the sentencing court's authority to re-sentence a defendant by making an amendment retroactive:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment... § 3582(c).

It then moves to discuss the scope of the district court's discretion:

> . . . after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with [the now-advisory] applicable policy statements issued by the Sentencing Commission. *Id.*

The sentencing court's discretion accordingly is bounded not by the Commission's policy statement, but by the goals of sentencing set forth in § 3553(a). *See id.; United States v. Hicks,* 472 F.3d 1167, 1170 (9th Cir. 2007) (holding that a district court, in re-sentencing a defendant pursuant to § 3582(c), "re-calculate[s] the defendant's sentencing range using the newly-reduced Guideline, and then

3

determine[s] an appropriate sentence *in accordance with the § 3553(a) factors."* (emphasis added)).

The district court must consider all relevant statutory criteria in existence when a motion under § 3582(c) (2) is filed, no matter whether it was in existence at the time of the original sentencing, or was reflected in a Sentencing Commission policy statement. *See United States v. Mihm,* 134 F.3d 1353, 1355 (8th Cir. 1998); *United States v. Reynolds,* 111 F.3d 132 (Table) (6th Cir. 1997); *United States v. Williams,* 103 F.3d 57, 58-59 (8th Cir.1996); *Settembrino v. United States,* 125 F.Supp.2d 511, 517 (S.D. Fla. 2000). While § 3553(b) essentially rendered § 3553(a) a nullity at any *pre-Booker* sentencing, § 3553(a) is now the sentencing law, as interpreted by the Supreme Court. Consideration of § 3553(a) includes the amended guideline and the reason for the amendment *(i.e.,* a partial remedy to the fact that crack guideline sentences are greater than necessary to satisfy sentencing purposes and create unwarranted disparity, made retroactive to best serve the statutory purposes of sentencing). *See* U.S.S.G., App. C, Amend. 706 (Nov. 1, 2007); U.S.S.C., *Report to Congress: Cocaine and Federal Sentencing Policy* at 10 (May 2007), available at http://www.ussc.gov/r_congress/cocaine2007.pdf. [2]

The government nonetheless argues that the advisory Guidelines remain mandatory in re-sentencing proceedings. This is unpersuasive for the simple reason that the plain language of *Booker's* remedial opinion precludes it. *Booker* makes clear that the Guidelines are advisory in all contexts, including re-sentencing proceedings, and not just in the imposition of an original sentence:

> [W]e do not see how it is possible to leave the Guidelines as binding in other cases . . . [W]e believe that Congress would not have authorized a mandatory system in some cases, and a nonmandatory system in others, given the administrative complexities that such a system would create. *United States v. Booker,* 543 U.S. 220, 263 (2005).

---

[2] *See also* U.S.S.C. Press Release, *U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses* (Dec. 11, 2007), available at http://www.ussc.gov/PRESS/re1121107.htm.

4

The government's assertion to the contrary therefore is meritless. So, too, is the government's further claim that *Booker* is inapplicable to resentencing proceedings because "a sentencing reduction under Section 3582(c) (2) is not a full resentencing proceeding." The Ninth Circuit rejected precisely this argument in *Hicks* because, whatever one calls the proceeding, a new sentence is being imposed:

> While § 3582(c) (2) proceedings do not constitute full resentencing, their purpose *is* to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new Guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the Guidelines. The dichotomy drawn by the government, where full resentencings are performed under an advisory system while "reduction proceedings," or "modifications," rely on a mandatory Guideline system, is false . . . Mandatory guidelines no longer exist, in this context or any other.
> 472 F.3d at 1171 (emphasis in original).

Moreover, as the Ninth Circuit's holding in *Hicks* suggests, while resentencing proceedings may be of more circumspect scope than regular sentencing proceedings, they remain sentencing proceedings that implicate the defendant's critical rights. *Cf. Mempa v. Ray,* 389 U.S. 128, 135 (1967) (resentencing upon probation revocation in which judge must recommend sentence to be served to parole board, is a critical stage to which constitutional protections attach). Resentencing proceedings must, at the least, result in a *legal* sentence, imposed pursuant to the advisory Guidelines. Despite any limitation in scope — for example, the defendant may not re-litigate the facts on which the original sentence was based, and the court may not impose a sentence greater than the original sentence — re- sentencing proceedings are now a type of *Booker* sentencing proceeding.

Finally, the government's attempted *reductio ad absurdum* that [i]f the defendant is right that § 1 B 1.10 is advisory, then a Court could simply reject Section 1 B 1.10 altogether, and make its own decision about whether an amendment is retroactive, to the point of deciding that it will not consider any amendment as retroactive, misses the point. It, too, is grounded in the government's failure to

distinguish between the conferral of authority and the bounding of discretion. Section 1B1.10 no longer limits a court's discretion to resentence a defendant. Separate and apart from the matter of discretion, the inclusion of an amendment in § 1B1.10 operates through § 3582(c) to create the authority — *i.e.,* subject matter jurisdiction — to resentence defendants. And while a court may refuse to reduce a defendant's sentence based on case-specific facts and circumstances (discretion), it may not ignore its subject matter jurisdiction (authority). *See Arbaugh v. Y & H Corp.,* 546 U.S. 500 (2006) ("[S]ubject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."). *Cf United States v. Ruiz,* 536 U.S. 622, 628 (2002).

In sum, the Sentencing Commission triggered this Court's authority to resentence Mr. Thompson by making Amendment 706 retroactive. Now so authorized, this Court has the discretion to reduce Mr. Thompson's sentence to achieve the goals of sentencing.

## CONCLUSION

For the reasons set forth above and in the opening Memorandum of Law, the Court should adjust Mr. Thompson's sentence downward to 151 months' imprisonment minus time good time credit and presentence credit pursuant to USSG Section 5G1.3(b) to account for the two-level reduction. The Court should also hold a hearing, at which Mr. Thompson is present, to consider whether to further reduce his sentence.

*Respectfully Submitted*

**/S/ DAVID J. WENC**
David Wenc
Wenc Law Offices
546 Halfway House Road
P.O. Box 306
Windsor Locks, CT 06096
(860) 623-1195
(860) 292-6705 – Fax
david.wenclaw@sbcglobal.net

<u>CERTIFICATE OF SERVICE</u>

I, David J. Wenc, hereby certify that I have served a copy of the attached Defendant's Reply to Government's Response to Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), on September 8, 2008, by first class mail, upon:

Chambers of the Honorable Janet C. Hall
United States District Court
915 Lafayette Boulevard
Bridgeport, CT  06604

Assistant United States Attorney Stephen Reynolds
Office of the U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT  06510

Terrance Thompson, Inmate #14264-014
C/o FCI Allenwood Medium
Federal Correctional Institution
P.O. BOX 2000
White Deer, PA  17887

<u>/S/ DAVID J. WENC</u>
David Wenc
Wenc Law Offices
546 Halfway House Road
P.O. Box 306
Windsor Locks, CT 06096
(860) 623-1195
(860) 292-6705 – Fax
david.wenclaw@sbcglobal.net

Case 3:00-cr-00263-JCH    Document 1945    Filed 09/08/2008    Page 8 of 8