UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:00CR263(JCH) |
| | : | |
| v. | : | |
| | : | |
| TERRENCE THOMPSON | : | SEPTEMBER 9, 2008 |

**GOVERNMENT'S SUPPLEMENTAL MEMO RE: DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)**

On September 9, 2008, the defendant filed a motion for permission to file a sur-sur-reply brief in support of his motion for a reduction of sentence under the new crack Guidelines. The government has no objection to the proposed sur-sur-reply, but feels compelled to submit this short memorandum to respond to the claim made in the defendant's motion that the government, in its surreply, somehow "accepted" Thompson's argument that he was sentenced "based on" U.S.S.G. § 2D1.1.

The government has not made, and does not make any such concession. Rather, the point of the government's surreply was simply to point out, in addition, or in the alternative to the government's arguments made in its original memorandum in opposition, that if *the court* were to accept *the defendant's argument* that he had to have been sentenced "based on" § 2D1.1 because his career offender and crack offense levels were the same, Thompson would still be ineligible for a reduction because he still is and remains subject to the career offender provisions (to which he previously stipulated and agreed). Nowhere in the government's surreply did it agree with, concede or "accept Mr. Thompson's argument that he was sentenced 'based on' USSG 2D1.1." *See, e.g.,* Government's Surreply at 1 ("*Even if the court were to accept this argument*, Thompson still does not qualify for a reduction because he remains a career offender and the career offender guidelines would be triggered even after any application of the new crack

Guidelines.") (emphasis added).  The government respectfully objects to Thompson's claim that the government accepted his argument.

The government's position has been, and remains, that because Thompson is a career offender, he does not qualify for a reduction because the November 1, 2007 amendments to the crack cocaine guidelines do not alter or affect his guideline range.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

/s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct19105
United States Attorney's Office
157 Church Street, 23d Floor
New Haven, CT 06510
(203) 821-3700
(203) 821-3829 (fax)
Stephen.Reynolds@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, including the defendant and his counsel identified below, as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

> David J. Wenc
> Wenc Law Offices
> 546 Halfway House Road
> P. O. Box 306
> Windsor Locks, Connecticut 06096
> (860) 623-1195
> (860) 292-6705 (fax)
> david.wenclaw@sbcglobal.net

     /s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY