IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

V.

No. 3:00-CR-00263 (JCH)

TERRENCE THOMPSON

TERRENCE THOMPSON'S *SUR-SUR-REPLY* BRIEF RE:
MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. SEC. 3582 (c)

In its response to Mr. Thompson's Reply to the Government's Response to the defendant's motion for a reduction of his sentence, the government argues that "[e]ven if the court were to accept this [Thompson's] argument, Mr. Thompson still does not qualify for a sentence reduction because he remains a career offender."   The government's argument — that, despite the language of USSG Section 4B1.1,   Mr. Thompson's sentencing range of 188-235 months remains unchanged — arises from a refusal to recognize that a Section 3582(c) motion affords the district court a basis for de novo review of Mr. Thompson's sentence under 18 USC Section 3553 that is not constrained by the Sentencing Guidelines' policy statements and/or substantive Guideline provisions.

The purpose of this sur-sur-reply brief is two-fold: (1) address the government's analysis of Mr. Thompson's argument that he was sentenced "based on" USSG Section 2D1.1; and (2) present the court with a recent United States District Court decision that a motion for a reduction in sentence pursuant to 18 USC Section 3582(c) can form the basis for a de novo review of a defendant's sentence after considering the factors set forth in 18 USC Section 3553.

**Mr. Thompson's Sentence was "based on" USSG Section 2D1.1.**

According to USSG Section 4B1.1, if the offense level from the table (offense statutory maximum) is greater than the offense level otherwise applicable, the offense level from the table should be used.  In the

case at bar, Mr. Thompson's offense level from the table equaled Mr. Thompson's offense level otherwise applicable. As a result, Mr. Thompson's offense level was not greater than the offense level from the table. The offense level otherwise applicable was found in the Drug Quantity Table at USSG Section 2D1.1. Mr. Thompson's original sentence had to be governed by the crack cocaine guidelines because the career offender guidelines could not apply. As support for Mr. Thompson's argument, *United States v. Barnett, 2001 WL 883119 (S.D.N.Y.)* can be instructive. The *Barnett* court addressed a motion for reduction of sentence, which was made by Mr. Barnett pursuant to 18 USC Section 3582(c). Mr. Barnett had been convicted of narcotics crimes and sentenced. However, he was sentenced based on a sentencing guideline range, which was subsequently lowered by the Sentencing Commission. While the Court denied Mr. Barnett's motion, it did consider the offense level found in the Drug Quantity Table in USSG Section 2D1.1 as the offense level otherwise applicable under USSG Section 4B1.1.

**DeNovo Review.**

On June 30, 2008, District Judge Charles P. Kocoras filed a decision which held that "district courts are necessarily endowed with discretion to employ the Section 3553 factors when issuing new sentences under 18 USC Section 3582." *United States v. Shelby*, 1:95-cr-00069 (USDC Northern District of Illinois Eastern Division). [See attached decision].

In the case at bar, Mr. Thompson moves this court to issue a new sentence under 18 USC Section 3582. Should this court decide to issue a new sentence, Mr. Thompson moves that the court exercise its discretion to employ Section 3553 factors. If the court does employ Section 3553 factors, then it does not have to necessarily conclude that Mr. Thompson is ineligible for a reduction in his sentence because of the career offender provisions. De novo review can include an examination of changes Mr. Thompson has made in his life since the original sentence. In addition, this court can evaluate critiques of the reasonableness of career offender provisions of the Guidelines, especially the critique that a defendant's "criminal history score mirrors disparities in state sentencing, and in particular, racial disparities." *United States*

2

*v. Leviner,* 31 F.Supp.2d 23 (1998).

<u>CONCLUSION</u>

For the reasons set forth above and in the opening Memorandum of Law as well as Mr. Thompson's Reply to the Government's Response, the Court should adjust Mr. Thompson's sentence downward to 151 months' imprisonment minus time good time credit and presentence credit pursuant to USSG Section 5G1.3(b) to account for the two-level reduction. The Court should also hold a hearing, at which Mr. Thompson is present, to consider whether to further reduce his sentence.

*Respectfully Submitted*

<u>**/S/ DAVID J. WENC**</u>
David Wenc
Wenc Law Offices
546 Halfway House Road
P.O. Box 306
Windsor Locks, CT 06096
(860) 623-1195
(860) 292-6705 – Fax
david.wenclaw@sbcglobal.net

<u>CERTIFICATE OF SERVICE</u>

I, David J. Wenc, hereby certify that I have served a copy of the attached Defendant's Sur-Sur-Reply to Government's Sur-Reply, on September 13, 2008, by first class mail, upon:

Chambers of the Honorable Janet C. Hall
United States District Court
915 Lafayette Boulevard
Bridgeport, CT  06604

Assistant United States Attorney Stephen Reynolds
Office of the U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT  06510

Terrance Thompson, Inmate #14264-014
C/o FCI Allenwood Medium
Federal Correctional Institution
P.O. BOX 2000
White Deer, PA  17887

*/S/ DAVID J. WENC*
David Wenc
Wenc Law Offices
546 Halfway House Road
P.O. Box 306
Windsor Locks, CT 06096
(860) 623-1195
(860) 292-6705 – Fax
david.wenclaw@sbcglobal.net

*4*